RALPH C. VORCE, APPELLEE, v. INDEPENDENT TELEPHONE COMPANY ET AL., APPELLANTS.

FILED FEBRUARY 10, 1910. No. 15,811.

1. Negligence: QUESTION FOR JURY. Where different minds may reasonably draw different inferences as to whether certain facts establish negligence or contributory negligence, the question of negligence must be left to the jury.

2. Appeal: INSTRUCTIONS: REVIEW. Where a requested instruction is refused by the trial court, but the court embodies the same idea in an instruction given upon its own motion, the party requesting such instruction having suggested it to the court will not be heard to complain that it is erroneous.

APPEAL from the district court for Douglas county: GEORGE A. DAY, JUDGE. *Affirmed.*

*Benjamin S. Baker,* for appellants.

*Smyth, Smith & Schall, contra.*

LETTON, J.

This is an action to recover damages for personal injuries. The defendant corporations in May, 1907, were constructing a telephone system in the city of Omaha. In the prosecution of the work they laid a tile conduit across Tenth street in the city. In laying the conduit it became necessary to remove the paving, which consisted of stone blocks, and to excavate a ditch about two feet wide and to such a depth that the concrete covering of the tile conduit was about $3\frac{1}{2}$ feet below the surface of the paving. After the conduit was placed the defendants filled the ditch with dirt, and it is because of the alleged negligent filling of the ditch and failure to firmly tamp the same that the plaintiff bases his right of recovery. On the afternoon of May 27 the plaintiff was driving a loaded two-horse dray or express wagon at a slow trot along Tenth street on his way to the railroad station. He alleges that a portion only of the dirt and stone removed had been replaced in the trench, and that the same was left loose, unpacked and not tamped down and was about even with the surface of the street; that he was driving along the street, without any notice or knowledge that the dirt would not sustain the weight of the wagon, and that when the front wheels came to the ditch the wagon gave a sudden drop, and he was by reason of the jar thrown forcibly to the ground under the wheels, breaking his left arm and inflicting permanent injuries.

The answer alleges that the trench was filled and tamped in a thorough and workmanlike manner to the surface of the street; that the work was open and visible to all passers-by; that the plaintiff had knowledge of the condition of the street and ditch, and that whatever injury occurred to him was due to his own carelessness and negli-

gence. On these issues the case was submitted, and the
jury found for the plaintiff, assessing his damages at
$1,500. Defendants have appealed.

The first assignment of error discussed is that the
verdict is not sustained by sufficient evidence. In this
connection it is said that the evidence of appellee, stand-
ing alone, was that the dirt was filled to the surface of the
street and was loose and untamped; that all the other
witnesses say that the ditch was open and obvious; that
the plaintiff's case depends upon the alleged carelessness
and negligence in filling the ditch with loose dirt, and
that the contrary of this allegation has been overwhelm-
ingly established by the testimony. A consideration of
this assignment requires a summary view of the evidence.
The testimony on the part of the plaintiff is that the
wagon he was driving had a high seat in front, upon
which he sat; that the seat was at a height of between
8 and 9 feet above the surface of the pavement; that as he
approached the locality of the accident he could see where
the paving had been removed and the dirt filled in, and
that it looked to him as though it was level and safe.
There was a pile of dirt and stones in line with the ditch
near the sidewalk, where a manhole was being con-
structed. This was inclosed by barriers, and there was a
space of 7 or 8 feet between the barricade and the west
rail of the street car track. The plaintiff drove along in
this space. When the wagon reached the ditch, the wheel
dropped in between the paving stones, and the jar caused
him to fall. He says he could see the ditch at a distance
of 30 to 40 feet, but we understand this to mean that he
could see that the paving had been removed and a ditch
dug, not that he could or did see any depression. There
had been temporary barricades placed at this point while
the ditch was being dug, but they had been removed a day
or two before the accident. A number of other witnesses
testify as to the condition of the ditch. The evidence on
the part of the defense is that, when it was filled, the dirt
was tamped and rounded up to a height of from 3 to 4

inches above the surface of the street; that there was a
heavy rain after it was filled, and that some of the dirt
adhered to the wheels of wagons passing over it and was
deposited on the paving on either side by the jar when
the wheels struck the paving stones.    Defendants' fore-
man testifies that, on measuring immediately after the
accident, the dirt was from 3 to 4½ inches below the level
of the surface of the paving.    The witnesses, other than
the plaintiff, all seem to agree that there was a depression
at this point, but the testimony also shows that it was
not so deep but that wagons had been continually passing
and repassing at this place.    One of defendants' witnesses
says that he saw many wagons drive across that day.
Another, employed as a messenger boy, testifies that he
ran over this place about 25 times a day; that when it was
first filled in it was level with the street, but as the wagons
went back and forth it was cut; that he could have ridden
through it if he had wanted to be bumped; that, in order
to save his wheel, he would pull his front wheel up and
jump over it, and that if he had not done so the front
wheel would go down about an inch or an inch and a half.
Other testimony places the depression from 3 to 4½ inches
in some places between the rail and the sidewalk.    Some
parts of the testimony we cannot clearly understand,
since counsel directed the attention of witnesses and his
questions to a sheet of paper, by bending which he sought
to illustrate the condition of the depression.    Unfortu-
nately these curves are not in the record.    Under the
terms of the ordinance authorizing the laying of conduits,
the defendants were required to obtain a permit from the
proper city officers, and it was provided that they should
"in all cases restore any and all openings made by them
under this ordinance in such streets, avenues, alleys,
boulevards, or public grounds, to good condition."    We
think that the evidence clearly discloses negligence on the
part of the defendants in not filling the ditch in such a
manner as to make it safe for public travel, or if, as
seems probable under the evidence, it was originally so

placed, in not keeping it filled and in a safe and proper condition for travel. If the paving stones had been replaced, or if the barrier had been left standing, in all probability no accident would have happened.

The principal question in the case is whether or not the evidence that the plaintiff was guilty of contributory negligence is so clear that a verdict cannot be sustained. As to this, we are satisfied that the question was properly for the jury. We have the testimony of several witnesses who saw the depression from the level of the sidewalk, but the plaintiff is the only witness who testified to its appearance from a height of 10 or more feet above the street level, from which point he must have viewed it. The evidence also shows that a good deal of traffic had been passing at this point, and the street was muddy there. Under these circumstances it was for the jury to say whether, taking all the evidence into consideration, the plaintiff was guilty of contributory negligence in attempting to drive along the street at this point in the manner he was doing when injured.

Defendants next insist that the court erred in refusing to give instruction No. 4, requested by them, to the effect that, "if you find the ditch was open and the plaintiff saw the open conduit or ditch and deliberately drove into it, he took the chance of the consequences of his act." We think the court did not err in refusing this instruction. There is no evidence that the plaintiff "saw the open conduit or ditch and deliberately drove into it." Defendants' evidence shows that there was more or less mud and dirt at this point. The plaintiff says that it appeared level with the surface of the street from the position and height at which he saw it, and denies that he saw an open ditch. Moreover, the court by instruction No. 9 covered this point, and told the jury that, if they found "that the plaintiff knew, or by the exercise of reasonable care ought to have known, that he could not drive over the street at the place where the accident is claimed to have occurred, without danger to himself, then he could

not recover in this action." It is said in this connection that this instruction is not a fair statement, because the plaintiff testified that, had the ditch been open, he would have known it to be dangerous and would not have driven into it, but the instruction leaves the question of whether the plaintiff knew or ought to have known the dangerous condition of the ditch to be determined by the jury. The critical question was whether from the appearance of the ditch the plaintiff knew or ought to have known that to attempt to drive over it was dangerous, and, if they so found, they were instructed to find for the defendants.

Complaint is made as to instruction No. 8, which tells the jury: "Should you find that the defendants did not use ordinary care in guarding and protecting the ditch, and in tamping the dirt therein, the plaintiff could not recover, if by the exercise of ordinary care and caution he could have avoided the accident." We cannot see how this is prejudicial to the defendants. Under the evidence, as we view it, the sole question is: Was the plaintiff guilty of contributory negligence? And, while the question of whether the ditch was guarded and protected or not was not an issue in the case, still we cannot see how the jury were misled by this instruction or the defendants in anywise prejudiced. Besides, this instruction is in this particular a copy of one that the defendants requested the court to give; and, having suggested that they desired such an instruction, they cannot now complain because the court adopted their suggestion.

Defendants complain of the refusal of the court to give instruction No. 2, which undertook to state the allegations of negligence set forth in the petition. The court, however, by instructions Nos. 1 and 4, given upon its own motion, fully and correctly instructed the jury as to the allegations of negligence in the petition, and that the burden of proof was upon the plaintiff to show by a preponderance of the evidence that defendants were negligent in the particulars alleged. We think there was no necessity for a repetition, and that the trial court very

properly refused to restate what had already been made clear. Too many words often darken counsel. Upon the whole case, we think the main questions were for the jury to determine, and that we would not be justified in setting aside the verdict.

The judgment of the district court is

AFFIRMED.